# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAFAEL A. JONES, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:09CV1777 CDP |
| STATE OF MISSOURI, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Rafael A. Jones' application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant action for failure to exhaust available state remedies.

## The Petition

Petitioner, an inmate at the Eastern Reception, Diagnostic and Correctional Center, seeks compensation for his current confinement pursuant to a judgment of a state court. Petitioner states that he is challenging his July 31, 2009, conviction and

sentence imposed by the St. Louis City Circuit Court. Petitioner asserts that the criminal charges were based on illegal warrants and "uncertified" indictments.

Upon review of the instant petition, the Court finds no indication that petitioner has exhausted his available state remedies. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (in the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010, Missouri Supreme Court Rule 29.15, Missouri Supreme Court Rule 91.01. As such, it appears that petitioner has available procedures that he must exhaust.

The Court further notes that the relief petitioner seeks is not available in proceedings under 28 U.S.C. § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 6th day of November, 2009.

                                                                */s/ Catherine D. Perry*
                                                                CATHERINE D. PERRY
                                                                UNITED STATES DISTRICT JUDGE